Mayor, &c., of Jersey City v. Green.

MAYOR, &c., OF JERSEY CITY, PLAINTIFFS IN ERROR, v. ANDREW H. GREEN ET AL., DEFENDANTS IN ERROR.

1. When an assessment has been made for municipal improvements, and paid, and subsequently such assessment is vacated and set aside, and a re-assessment made for a less sum than the original assessment, an action will lie to recover the difference between the first and second assessments.

2. The right of action accrues by reason of the setting aside of the assessment, and such right cannot be barred by the statute of limitations until the running of six years after that act.

3. The state of the case agreed upon by counsel having admitted that the assessments in question were "set aside and vacated by the board of finance and taxation, &c., and a new assessment made," and such admissions not being qualified by reservations, or by allegations of informalities or defects, the legal presumption must be in favor of the correctness and legality—if such legality be possible—of the official action.

4. The act of March 7th, 1877, (Rev., p. 1357, ¿ 6,) authorizes the vacation of the entirety of void assessments, and is not restricted to such as are unpaid. Edwards v. Jersey City, 11 Vroom 176, distinguished.

On error to the Supreme Court.

For the plaintiffs in error, *A. L. McDermott* and *L. Abbett.*

For the defendants in error, *Scudder & Vredenburgh.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The defendants in error, who were the plaintiffs in the suit, brought this action to recover of the mayor and aldermen of Jersey City certain sums of money, being the differences between first and second assessments against them for sundry municipal improvements. These original assessments were paid by the plaintiffs, and were then, after the lapse—in some instances—of more than six years, vacated and set aside ; and re-assessments had been thereupon made, which latter adjustment found the dues of the plaintiffs to be much less than the moneys which the city

had received from them.   Most of such primary assessments had been set aside and re-assessments made, by force of the act approved March 7th, 1877. · *Rev.*, *p.* 1357, *pl.* 6.   In the payments made in the manner above mentioned, had been included certain penalties, in the form of increased interest, which had been incurred by the illegal procrastination of the settlement of the first assessments.   The cause was tried before the Circuit Court of the county of Hudson, a jury being waived, and a judgment rendered in favor of the plaintiffs.   To review this result, this writ of error has been brought.

The first objection urged against the legality of the judicial action taken at the Circuit is, that several of the sums embraced in the judgment were barred by the statute of limitations.   This position is based on the fact that more than six years had run between the payments of the original assessments by the plaintiffs and the commencement of their suit. In some cases, there had been such a period intervening between such payments and the vacations of the assessments. But this contention, as it appears to me, is manifestly untenable.   The statute of limitations is so clear upon this point, that I do not see how any reasonable doubt can arise, for its language is, that the designated actions " shall be commenced and sued within six years next after the causes of such actions shall have accrued, and not after."   In the application, therefore, of this provision, all we have to do is to inquire, in the particular case, when the right to sue arose, for until that event, the statutory limitation is inoperative.   And in the present instance, but one reply can be given to such an inquiry, for by the decisions of this court, it has been settled that no right of action existed in these plaintiffs with respect to the moneys in controversy, until after the vacation of the assessments by force of which such moneys had been paid. It was the setting aside of the assessments that gave the plaintiffs their cause of action, and consequently such right could not be barred until the running of six years after that act.   This exception cannot prevail.

Mayor, &c., of Jersey City v. Green.

The next objection taken is, that the act of the 7th of
March, 1877, (*Rev.*, *p.* 1357, *pl.* 6,) does not authorize the
board of finance and taxation of Jersey City to set aside the
assessments in question.

The argument upon this head is, mainly, that by the proper
construction of the first section of this statute, this official
body is not authorized to vacate any assessments except such
as are possessed of two characteristics—first, that they are
void in law, and second, that they " have been assessed wholly
upon the line of such improvement, or wholly upon the
owners of the lands along such line."    The argument then
assumes that there is no evidence before this court that, in the
present instance, these particular proceedings were possessed
of either of such characteristics.

But this assumption, which forms the basis of this conten-
tion, as this case now stands before this court, is entirely
gratuitous.    The original proceedings, by virtue of which
these assessments were vacated, have not been brought up
with this writ of error, and it is, consequently, impossible for
this court to know under what circumstances such power was,
in point of fact, exercised.  If it should be admitted that
this power of vacation can be put in force only when the two
conditions above mentioned are present—and upon that ques-
tion no opinion is intended to be intimated—this present
judgment cannot be reversed on that ground, because we
cannot say that such was not the state of things to which this
vacation related.   Instead of the official return of this board
of officers, all that is before this court on this subject, is a
state of the case agreed upon, and signed by the counsel of
the respective parties ; and in the statement so authenticated,
it is declared and admitted that the assessments in question,
at a certain date, were respectively " set aside and vacated by
the board of finance and taxation of Jersey City, and a new
assessment made," &c.    Such admissions are not qualified by
reservations, or by allegations of informalities or defects, and
in such a state of things, the legal presumption must be in
favor of the correctness and legality—if such legality be

possible—of the official action.   If it were deemed desirable
to put this court in possession of the circumstances under
which the power in question was exercised, such circumstances
should have been exhibited in the state of the case agreed
upon, for it would be contrary to all legal rules, and to right
reason, to permit the plaintiff in error, here on the argument,
to supply such omissions—if any such there be—by unsup-
ported suggestions and averments.   The maxim, that "every-
thing is presumed to be rightly and duly performed until the
contrary is shown," can have no more legitimate use than
when applied to the formal admission of parties that certain
official action has taken place.   On this point, therefore, it
must be now assumed that if, under any circumstances, these
assessments could have been vacated, and re-assessments
made, such circumstances existed.   The consequence is, that
only such exceptions to these proceedings can be now consid-
ered that tend to show that, under no possible state of affairs,
can this official action be justified.

An objection of this fundamental character is the position
that, by the proper interpretation of this statute, it is only
*unpaid* assessments that can be set aside.   In support of this
view, the case of *Edwards* v. *Jersey City*, 11 *Vroom* 176, is
relied on.   But the act there in question has no similitude
to the one now under consideration, for the board therein
authorized to be appointed was expressly declared to be a
body constituted to "revise and adjust *unpaid* assessments,"
whereas, in the present law, there is an absence of all such
restrictive expressions.   To import into the present act the
limitation claimed, would be to legislate—so plain to the con-
trary are the terms of this law—and not to interpret.   Its
direction, in this respect, is this—that this official body, when
the proper conditions exist, "may vacate and set aside, by
resolution, all the proceedings in relation to such void assess-
ment."   Here, the vacation of the entirety of the proceed-
ings is specified in plain words, and no exception is even
faintly indicated, touching such assessments as have been
paid.   Nor is anything perceived in the context which is

inconsistent with this plain demonstration of purpose; neither is there any reason to lead to the conclusion that such an adjustment could not have been embraced in the legislative design, for there is assuredly nothing irrational in the idea that, in case a void assessment should be annulled, that justice should be done as well to the citizen who had paid more than his quota, as to him who had paid nothing.

This exception is not well taken.

The several exceptions to the constitutionality of this law have been carefully considered, and it is deemed sufficient to say that none of them are entitled to prevail.

The questions relating to the recovery of the penalties paid, and to the proper measure of interest, are not before this court, and cannot be considered. The only bill of exceptions taken at the trial is on the refusal of the judge to non-suit, and it is obvious that these matters could not arise on such an occasion.

Let the judgment be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DEPUE, DIXON, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, DODD—11.

*For reversal*—None.